CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANNETTE ROSS, | ) | Civil Action No. 7:09-cv-00242 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SGT. HOUCHENS, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Annette Ross, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Sergeant Houchens, Warden Barbara Wheeler, and Assistant Warden Walker as the defendants. Plaintiff argues that the defendants violated her constitutional rights by not allowing her to eat one meal. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing plaintiff's submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. At around 5:00 p.m. on an unknown date, plaintiff exited her pod to get dinner in the chow hall. (Compl 4.) Captain Jones saw that plaintiff did not have her identification card and allowed plaintiff to go back to her pod to get it. On her way back to the pod, she told Sergeant Houchens about her conversation with Captain Jones. However, Sgt. Houchens said plaintiff forfeited her meal because she forgot her identification card. Plaintiff informed Wheeler and Walker via the "IMS" procedure, but they did not give plaintiff her dietary needs for the day. Plaintiff alleges that the defendants violated her Eighth and Fourteenth Amendment rights and state law. Plaintiff requests as relief $25,000 punitive damages and a prohibition against withholding any future meals.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

2

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "Inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotation marks omitted).

To succeed on an Eighth Amendment claim, applicable to the states via the Due Process Clause of the Fourteenth Amendment, a prisoner must establish that the deprivation of a basic human need was objectively "sufficiently serious" and the prison official subjectively acted with deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (describing deliberate indifference in the context of medical care). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. See Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (holding that a prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm). Deliberate indifference also can not be shown by pointing to a single, isolated incident. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff fails to state a claim upon which relief may be granted because she only alleges a single, temporary, and isolated deprivation of one meal and she does not establish any "serious

3

medical and emotional deterioration attributable to" missing that meal. See Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990) (quoting Shrader, 761 F.2d at 979). Without satisfying these elements, plaintiff fails to state an Eighth Amendment claim. Accordingly, the court dismisses the complaint.

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of August, 2009.

/s/ James C. Turk
Senior United States District Judge